Steven John Moser (SM1133)
MOSER EMPLOYMENT LAW FIRM, P.C.
3 School Street, Suite 207B
Glen Cove, New York 11542
(516) 671-1150
(516) 882-5420 (fax)
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SREAM, INC., <br><br><br> Plaintiff, <br><br> -*against*- <br><br> SAAKSHI ENTERPRISE, INC. a/k/a PRONTO LOTTO, <br><br> Defendants. | 16-cv-1408 (NG)(RML) |

**DEFENDANT SAAKSHI ENTERPRISE, INC.'S MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFF'S MOTION FOR A DEFAULT JUDGMENT**

**TABLE OF CONTENTS**

**INTRODUCTION** ..................................................................................................................1

**RELEVANT FACTS**............................................................................................................1

**ARGUMENT** ........................................................................................................................4

    1.    THE MOTION FOR DEFAULT SHOULD BE DENIED BECAUSE THE PLAINTIFF HAS NOT ALLEGED SUFFICIENT FACTS TO ESTABLISH STANDING TO SUE. .......... 4

        *1.1.*    *Legal standard.*................................................................................................ 4

        *1.2.*    *Plaintiff is not the registrant, and therefore has no standing.* ..................... 6

        *1.3.*    *Sream cannot create standing by agreement.* ............................................. 7

    2.    THE MOTION FOR DEFAULT SHOULD BE DENIED FOR FAILURE TO JOIN THE TRADEMARK OWNER AS AN INDISPENSABLE PARTY. ................................................ 9

    3.    THE MOTION FOR DEFAULT SHOULD BE DENIED, AND THE CLERK'S ENTRY OF DEFAULT SET ASIDE, BECAUSE (1) THE DEFAULT WAS DUE TO LAW OFFICE NEGLECT, NOT WILFULNESS, (2) THE DEFENDANT HAS MERITORIOUS DEFENSES, AND (3) VACATING THE DEFAULT WILL NOT RESULT IN PREJUDICE TO THE PLAINTIFF. ...................................................................................................... 10

        *3.1.*    *Standard* ........................................................................................................ 10

        *3.2.*    *Defendant did not willfully default*.............................................................. 11

        *3.3.*    *The Defendant has Meritorious Defenses* ................................................. 12

        *3.4.*    *There will be no prejudice to Plaintiff by vacating the default*................. 14

**CONCLUSION**................................................................................................................14

# TABLE OF AUTHORITIES

**Supreme Court Opinions**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................................................ 5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ......................................................................... 5

*Posters 'N' Things v. United States*, 511 U.S. 513, 114 S. Ct. 1747, 1750 (1994) ....................... 12

**Second Circuit Opinions**

*Am. All. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57 (2d Cir. 1996) ............................................... 11, 12

*Calvin Klein Jeanswear Co. v. Tunnel Trading*, No. 98 Civ. 5408 (THK), 2001 U.S. Dist. LEXIS 18738 (S.D.N.Y. Nov. 16, 2001) .................................................................................................. 6

*City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114 (2d Cir. 2011) ........................... 4-5

*Cruz v. TD Bank, N.A.*, No. 10-cv-8026 (PKC), 2015 U.S. Dist. LEXIS 13789 (S.D.N.Y. Feb. 3, 2015) ............................................................................................................................................ 11

*Danser v. Bagir Int'l*, 571 F. App'x 54 (2d Cir. 2014) ................................................................... 4

*Davis v. Musler,* 713 F.2d 907, 908 (2d Cir. 1983) ..................................................................... 14

*Earl v. Peverett*, 1991 U.S. Dist. LEXIS 2700 (S.D.N.Y. Mar. 7, 1991) ...................................... 9

*Elexco Land Servs. v. Hennig*, No. 11CV214, 2011 U.S. Dist. LEXIS 44207 (W.D.N.Y. Apr. 25, 2011) ............................................................................................................................................ 11

*Enron Oil Corp. v. Diakuhara*, 10 F.3d 90 (2d Cir. 1993) .......................................................... 14

*Hines v. Veterans Outreach Ctr.*, No. 10CV6493, 2010 U.S. Dist. LEXIS 130836 (W.D.N.Y. Dec. 10, 2010) ............................................................................................................................. 11

*Hunt v. City of Auburn*, No. 5:13-cv-1039 (GLS/TWD), 2014 U.S. Dist. LEXIS 162083 (N.D.N.Y. Nov. 19, 2014) ........................................................................................................... 11

*Krasnyi Oktyabr, Inc. v. Trilini Imps.*, 2007 U.S. Dist. LEXIS 23733 (E.D.N.Y. Mar. 29, 2007) . 6

*Luo v. Baldwin Union Free Sch. Dist.*, No. 16-421-cv, 2017 U.S. App. LEXIS 1470 (2d Cir. Jan. 27, 2017) ...................................................................................................................................... 11

*Meehan v. Snow*, 652 F.2d 274 (2d Cir. 1981) ...................................................................... 10, 11

*New York v. Green*, 420 F.3d 99 (2d Cir. 2005) ......................................................................... 10

*Orellana v. World Courier, Inc.*, No. 09-CV-576 (NGG) (ALC), 2010 U.S. Dist. LEXIS 102695 (E.D.N.Y. Sep. 24, 2010) .............................................................................................................. 5

*Richardson v. Nassau County*, 184 F.R.D. 497 (E.D.N.Y. 1999) ............................................... 10

*State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158 (2d Cir. 2004) .......... 10

*Telebrands Corp. v. Del Labs., Inc.*, 719 F. Supp. 2d 283 (S.D.N.Y. 2010) ................................. 6

*Warren v. Easter Seals*, No. 15-CV-6653-FPG, 2016 U.S. Dist. LEXIS 109172 (W.D.N.Y. Aug. 17, 2016) ...................................................................................................................................... 11

**Federal Court Opinions**

*Aceto Corp. v. TherapeuticsMD, Inc.*, 953 F. Supp. 2d 1269 (S.D. Fla. 2013) .......................... 6, 7

*Agrashell, Inc. v. Hammons Prods. Co.*, 352 F.2d 443 (8th Cir. 1965) .......................................... 8

*Amgen, Inc. v. Chugai Pharmaceutical Co.*, 808 F. Supp. 894 904 n. 13 (D.Mass. 1992) ............. 8

*Anilina Fabrique de Colorants v. Aakash Chems. & Dyestuffs, Inc.*, 856 F.2d 873 (7th Cir. 1988)  13

*Ass'n of Co-operative. Mbrs v. Farmland Indus.*, 684 F.2d 1134 (5th Cir. 1982) ....................... 10

*Bieganek v. Taylor*, 801 F.2d 879 (7th Cir. 1986) ...................................................................... 13

*Budge v. Arrianna Holding Co.,* LLC, Civil Action No. 13-0056 (CCC), 2014 U.S. Dist. LEXIS 59378 (D.N.J. Apr. 29, 2014) ........................................................................................................ 5

*Graden v. Conexant Sys. Inc.*, 496 F.3d 291 (3d Cir. 2007) .......................................................... 8

*Joe Hand Promotions, Inc. v. Yakubets*, 3 F. Supp. 3d 261 (E.D. Pa. 2014) ................................. 4

*Nat'l Licensing Ass'n, L.L.C. v. Inland Joseph Fruit Co.*, 361 F. Supp. 2d 1244 (E.D. Wash. 2004) ...................................................................................................................................... 8, 9

*Ortho Pharmaceutical Corp. v. Genetics Inst.*, 52 F.3d 1026 (Fed. Cir. 1995) ............................. 8

*Penril Datacomm Networks v. Rockwell Int'l Corp.*, 934 F. Supp. 708 (D.Md. 1996) ................. 8

*Philadelphia Brief Case Co. v. Specialty Leather Products Co., Inc.*, 145 F. Supp. 425 (D.N.J. 1956) .......................................................................................................................................... 8

*Textile Prods. v. Mead Corp.*, 134 F.3d 1481 (Fed. Cir. 1998) ..................................................... 8

*Universal Mfg. Co. v. Douglas Press, Inc.*, No. 89 C 3354, 1992 U.S. Dist. LEXIS 7231 (N.D. Ill. May 14, 1992) .......................................................................................................................... 12

**United States Code**

15 U.S.C. § 1114(1) ................................................................................................................. 6, 9

15 U.S.C. § 1114 (2012) ............................................................................................................. 1

15 U.S.C. § 1116 ......................................................................................................................... 1

15 U.S.C. § 1125(a) .................................................................................................................... 1

15 U.S.C. § 1127's ...................................................................................................................... 6

21 U.S.C. § 863 ......................................................................................................................... 12

21 U.S.C. § 863(d) .................................................................................................................... 12

**State Statutes**

N.Y. Gen. Bus. Law § 349 .......................................................................................................... 1

N.Y. Gen. Bus. Law § 360(1) ..................................................................................................... 1

**Rules**

Fed. R. Civ. P. 55(c) ................................................................................................................. 11

**Other**

*Geraghty Dyno-Tuned Prods., Inc. v. Clayton Mfg. Co.*, 190 U.S.P.Q. (BNA) 508, 512 ............ 12
*Pure Food Prods., Inc. v. American Bakeries Co., ND Illinois 1972*, 176 U.S.P.Q. (BNA) 233 ... 9

Case 1:16-cv-01408-NG-RML   Document 24   Filed 04/06/17   Page 5 of 19 PageID #: 211

## INTRODUCTION

Saakshi Enterprise Inc. ("Saakshi" or "Defendant") is a small store that sells lottery tickets, beverages, cigarettes and other products.[1] Sream, Inc. claims to be a "licensee" of the trademark owner, and is attempting to enforce the trademark owner's rights in RooR branded "water pipes" and "bongs." The trademark owner (Martin Birzle) has not been joined. Plaintiff has moved for entry of a Default. The Plaintiff's motion for default should be denied, because (1) the complaint does not allege sufficient facts to establish the Plaintiff's standing to enforce the trademark owners' rights, (2) the trademark owner (Martin Birzle) is an indispensable party who has not been joined, and (3) the default was not willful and defendant has meritorious defenses. Defendant requests that the clerk's certificate of default dated be vacated, and that the Court deem the Defendant's "proposed answer" dated March 30, 2017 (ECF No. 19) as its answer to the complaint.

## RELEVANT FACTS

On March 22, 2016, the Plaintiff filed a complaint against Defendant with no prior notice claiming trademark infringement pursuant to 15 U.S.C. § 1114 (2012), trademark counterfeiting pursuant to 15 U.S.C. § 1116, unfair competition pursuant to 15 U.S.C. § 1125(a), Trademark Dilution under New York N.Y. Gen. Bus. Law § 360(1), Deceptive Acts and Practices under New York N.Y. Gen. Bus. Law § 349, and unfair competition under New York Common Law. *See* Complaint (ECF No. 1).

Sream is a company which has been filing hundreds of suits nationwide.[2] In these lawsuits, Sream claims to be the licensee of Martin Birzle, the owner of the RooR mark.

---

[1] Declaration of Nikunj Patel ¶ 1; Declaration of Steven John Moser ¶ 2.
[2] Moser Decl. ¶ 5, and Exhibit 1 to the Moser Decl.

1

Defendant's counsel, Steven J. Moser, was first consulted by Saakshi in April 2016.[3] At that time, Defendant's counsel had just closed a virtually identical lawsuit against another Defendant in the Southern District of New York titled *Sream v. 14th St Lotto & Magazine, Inc.*, 15-cv-09332.[4] Defendant's counsel informed Saakshi after the initial consultation that we would handle the case and that no further action by Saakshi was necessary.[5] Due to the long-standing relationship with the Client, Defendant's counsel did not charge nor accept any retainer from the client.[6]

After the consultation a new "matter" in our computer system should have been created. Rather than a new file being created in Defendant Counsel's system, however, the papers in the *Sream v. Saakshi* matter were physically misfiled in *Sream v. 14th Street Lotto*, and the *Sream v. 14th Street Lotto* file was sent to storage.[7]

The answer was due in April 2016. Between April 2016 and February 2017, the Defendant did not receive any documents from and was not contacted by Plaintiff's counsel.[8] Then, in late February 2017 Saakshi received a document by mail.[9] Defendant believed, at first, that the document was a summons and complaint.[10] It was Plaintiff's motion for a default.[11] After further investigation by Defendant's counsel the filing error and confusion with regard to *Sream v. 14th Street Lotto* and *Sream v. Saakshi* was discovered.[12]

A review of the docket sheet revealed the following timeline: On June 28, 2016 the Court ordered the Plaintiff "to either move for default in the above captioned case, or submit a written

---

[3] Moser Decl. ¶ 4; Patel Decl. ¶ 4.
[4] Moser Decl. ¶ 4.
[5] Patel Decl. ¶ 5.
[6] Moser Decl. ¶ 6.
[7] Moser Decl. ¶ 7.
[8] Patel Decl. ¶ 6.
[9] Patel Decl. ¶ 7.
[10] *Id.*
[11] *Id.*
[12] Moser Decl. ¶¶ 9-10.

2

explanation to the Court why it has not done so by *July 5, 2016.*" (emphasis supplied). On July 5, 2016 Plaintiff requested a 30 day extension to move for a default. (ECF No. 11). In the request, Plaintiff's counsel explained:

> [O]ver the years I have represented plaintiff on multiple cases identical to this one. We typically go after stores that we believe are selling counterfeit goods that infringe on plaintiff's rights. These stores are usually small mom and pop stores that are run by people who are inexperienced in litigation matters. We try to work with these stores and resolve these cases without extensive court proceedings, if possible. Often times the Defendants do not use lawyers.[13]

In the letter application dated July 5, 2016, Plaintiff's counsel further indicated that he "would continue to try to settle with defendants during the 30 day period before having to move forward with the defaults if that is possible."[14] However, no correspondence or communication was received from Mr. Greener within the 30 day period.[15]

On July 21, 2016 Plaintiff's Counsel, before attempting to settle with the Defendants, filed a request for a certificate of default. The certificate of service states that "on July 19, 2016 a true and accurate copy of this document was <u>emailed</u> to the Defendants set forth below, and paper copies were sent to the address indicated therein." (emphasis supplied). Although Saakshi's address was listed, Saakshi never received the request for a certificate of default.[16] Also, the affidavit of service of the complaint upon Saakshi was defective. The affidavit stated that Saakshi is located in "New York, NY", when in fact it is located in Elmhurst, Queens.[17] It states that Jignesh is the "Cashier", when in fact he is the manager.[18] The process server also states that he knew Jignesh to be the cashier of a non-existent entity - "Saakshi Enterprise Inc; Fine Gourmet

---

[13] ECF No. 11.
[14] *Id.*
[15] Patel Decl. ¶ 6.
[16] Patel Decl. ¶ 6.
[17] Patel Decl. ¶ 3(a).
[18] Patel Decl. ¶ 3(b).

3

Deli Corp., et al."[19]  Despite the defects in the affidavit of service of the request for a certificate of default, and the defects in the affidavit of service of the complaint, the clerk noted Saakshi's default on September 2, 2016.  The Plaintiff waited an additional 6 months before filing its motion for a default on February 22, 2017.  ECF No. 13.

Defendant, after receiving the default motion, diligently attempted to resolve this case directly with Plaintiff.[20]  On March 30, 2017, Plaintiff filed a proposed Answer with Affirmative Defenses (ECF No. 19).  The proposed answer denies the material allegations of the complaint, and asserts five affirmative defenses: (1) that the Complaint fails to state a claim, (2) Plaintiff has no standing to bring this action, (3) Plaintiff has no enforceable rights in the RooR mark, (4) Birzle has used the RooR mark for the unlawful purpose of selling drug paraphernalia, and therefore the mark is unenforceable, and (5) Birzle has obtained the mark through misrepresentations to the US Patent and Trademark Office, and therefore the mark is void.

## ARGUMENT

### 1. THE MOTION FOR DEFAULT SHOULD BE DENIED BECAUSE THE PLAINTIFF HAS NOT ALLEGED SUFFICIENT FACTS TO ESTABLISH STANDING TO SUE.

#### 1.1. Legal standard.

"[A] court evaluating a motion for default judgment must itself ask whether the plaintiff's complaint states claims upon which relief can be granted." *Joe Hand Promotions, Inc. v. Yakubets*, 3 F. Supp. 3d 261, 266 (E.D. Pa. 2014).  The Second Circuit applies the same pleading standard to a motion for default and a motion to dismiss under Rule 12(b)(6).  *See Danser v. Bagir Int'l*, 571 F. App'x 54, 55 (2d Cir. 2014); *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011)("prior to entering default judgment, a district court is required

---

[19] Patel Decl. ¶ 3(d).
[20] Moser Decl. ¶ 12.

4

to determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law")

Because the same pleading standard applies to a motion for default and a motion to dismiss, "[a] court should deny a motion for entry of a default judgment if the facts a plaintiff alleges in his complaint, taken to be true, fail to state a valid cause of action upon which the relief sought can be granted." *Orellana v. World Courier, Inc.*, No. 09-CV-576 (NGG) (ALC), 2010 U.S. Dist. LEXIS 102695, at *5 (E.D.N.Y. Sep. 24, 2010); *Budge v. Arrianna Holding Co., LLC*, Civil Action No. 13-0056 (CCC), 2014 U.S. Dist. LEXIS 59378, at *13 (D.N.J. Apr. 29, 2014)("A court will deny a default judgment if the complaint fails to state a claim under the motion to dismiss standard.").

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 557). "Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal,* 556 U.S. at 678. (quoting *Twombly*, 550 U.S. at 555)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

5

### 1.2. Plaintiff is not the registrant, and therefore has no standing.

The pertinent portion of the Lanham Act relating to trademark infringement actions provides that an infringer "shall be liable in a civil action *by the registrant* for the remedies hereinafter provided." 15 U.S.C. § 1114(1)(emphasis supplied).

Plaintiff, despite not being the registrant, attempts to establish standing by claiming that "[s]ince at least 2011, Plaintiff Sream has been the exclusive licensee of the RooR mark in the United States." Compl. ¶ 12.

> The statute and the majority of cases interpreting it creates a clear and bright line rule: only the registrant of record has standing to sue for the rights and remedies provided by Lanham Act § 32(1) for the owner of a registered mark. No amount of judicial interpretation or manipulation of words can turn an exclusive licensee into an assignee. A trademark assignment and license are two quite different transactions with widely different impacts." 6 McCarthy on Trademarks and Unfair Competition § 32:3 (4th ed.).

*Aceto Corp. v. TherapeuticsMD, Inc.*, 953 F. Supp. 2d 1269, 1281 (S.D. Fla. 2013).

"In unique situations, an exclusive licensee *may* be considered an assignee pursuant to 15 U.S.C. § 1127's definition of registrant." *Krasnyi Oktyabr, Inc. v. Trilini Imps.*, 2007 U.S. Dist. LEXIS 23733, at *8 (E.D.N.Y. Mar. 29, 2007) (citing *Fin. Inv. Co. v. Geberit AG*, 165 F.3d 526, 531-32 (7th Cir. 1998)). "[A] truly exclusive licensee, one who has the right even to exclude his licensor from using the mark ... is equated with an assign[ee] since no right to use [the mark] is reserved to the licensor, and the licensee's standing derives from his presumed status as assignee." *Krasnyi Oktyabr, Inc.*, 2007 U.S. Dist. LEXIS 23733. "[A]n exclusive licensee only has standing if the licensing agreement grants the licensee a property interest in the mark or otherwise assigns to the licensee the registrant-licensor's ownership rights." *Telebrands Corp. v. Del Labs., Inc.*, 719 F. Supp. 2d 283, 293 (S.D.N.Y. 2010) (quoting *Calvin Klein Jeanswear Co. v. Tunnel Trading*, No. 98 Civ. 5408 (THK), 2001 U.S. Dist. LEXIS 18738, at *15 (S.D.N.Y. Nov. 16, 2001))) (internal quotation marks omitted).

Here, Plaintiff does not allege that Plaintiff is an assignee. Plaintiff does not allege that it can exclude Martin Birzle from the use of the RooR mark. Plaintiff does not allege that that Martin Birzle has given the Plaintiff a property interest in the mark or otherwise assigned his ownership rights to the Plaintiff.

In *Aceto Corp.*, 953 F. Supp. 2d at 1279, Defendant challenged an infringement complaint on the basis that the Plaintiff had not sufficiently pled standing to sue. The plaintiff had alleged in the complaint that it was "the exclusive licensee and owner of rights, title and interest in and to the [] Mark . . . in the United States." The plaintiff further alleged that it had the "exclusive license and rights within the United States to use, sell, offer for sale and import the patented [] Products." By these allegations, the plaintiff asserted that it had sufficiently pled standing to sue. The court disagreed. The Court noted that it was "operating in the dark because the licensing agreement was not attached to the Complaint." (*Id.* at 1278-79) but that "[w]hat seems to be missing is the allegation that [the registrant had] assigned to [plaintiff] *ownership* rights to the marks or that [plaintiff] is the *owner* of all substantial rights in the United States. *Aceto Corp.*, 953 F. Supp. 2d at 1279 (emphasis supplied).

What was missing in the *Aceto* case is also missing here. The court is operating in the dark because the licensing agreement was not attached to the Complaint. There is no allegation that Martin Birzle assigned to Sream *ownership* rights to the RooR mark or that Sream is the *owner* of all substantial rights in the United States. The default should be denied for failure to plead standing. *See id.* at 1281.

**1.3. Sream cannot create standing by agreement.**

Sream attempts to carry the day by alleging that it "has been granted all enforcement rights to sue to obtain injunctive and monetary relief for past and future infringement of the RooR Marks." (Compl. ¶ 16).

7

But statutory standing is not based upon an agreement. Instead, "[s]tatutory standing [] asks whether Congress has accorded *this* injured plaintiff the right to sue the defendant to redress his injury." *Graden v. Conexant Sys. Inc.*, 496 F.3d 291, 295 (3d Cir. 2007).

This is not the first time that a party without an ownership interest in intellectual property has attempted to circumvent the statutory standing issue by alleging that it has been given the *right to sue* for infringement by an agreement. In *Nat'l Licensing Ass'n, L.L.C. v. Inland Joseph Fruit Co.*, 361 F. Supp. 2d 1244, 1251 (E.D. Wash. 2004), the plaintiff alleged that even though it was not the legal owner of a patent, it had been given the right to sue for "past present and future infringement" by the patent owner. *Id.* . The court framed the issue as whether the "right to sue for infringement" without transfer of ownership in the intellectual property, conferred standing. *Id.* .

The court concluded,

> *[P]arties cannot create standing by agreement*, and the mere contractual right to sue, without some beneficial proprietary interest [], cannot confer standing []. *Ortho Pharmaceutical Corp. v. Genetics Inst.*, 52 F.3d 1026, 1034 (Fed. Cir. 1995); *see also Alcatel v. Orckit Communs., Ltd.*, 2000 U.S. Dist. LEXIS 6123, 2000 WL 502846 (N.D. Cal. 2000) (granting motion to dismiss plaintiff's complaint because the right to sue for past, present, and future infringement of the patent was not sufficient to give plaintiff standing); *Textile Prods. v. Mead Corp.*, 134 F.3d 1481, 1485 (Fed. Cir. 1998) ("A "right to sue" provision within a license cannot, of its own force, confer standing on a bare licensee."); *Penril Datacomm Networks v. Rockwell Int'l Corp.*, 934 F. Supp. 708 (D.Md. 1996)(contractual provision providing licensee with right to sue cannot alone confer statutory standing to bring suit for infringement); *Amgen, Inc. v. Chugai Pharmaceutical Co.*, 808 F. Supp. 894, 904 n. 13 (D.Mass. 1992)(same); *Agrashell, Inc. v. Hammons Prods. Co.*, 352 F.2d 443, 446 (8th Cir. 1965) (concluding ownership of patent is a prerequisite to right to sue for infringement thereof, therefore licensing agreement provision which gives licensee a right to sue in its own name is without significance); *Philadelphia Brief Case Co. v. Specialty Leather Products Co., Inc.*, 145 F. Supp. 425, 430 (D.N.J. 1956)(dismissing the complaint as licensee with no real proprietary interest in a patent had no right to sue for infringement of licensed patent, notwithstanding the fact that its licensing agreement gave it a limited right to sue for infringement).

8

*Nat'l Licensing Ass'n, L.L.C.*, 361 F. Supp. 2d at 1251-52 (emphasis supplied).  Sream cannot by private agreement cloak itself with the protections given to a "registrant" under 15 U.S.C. § 1114(1).

**2. THE MOTION FOR DEFAULT SHOULD BE DENIED FOR FAILURE TO JOIN THE TRADEMARK OWNER AS AN INDISPENSABLE PARTY.**

Under Rule 19(a)(1), a party is indispensable if "(A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may [](i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

"Courts that have faced the issue have treated trademark owners as indispensable for Rule 19 purposes in infringement actions." *Earl v. Peverett*, 1991 U.S. Dist. LEXIS 2700, at *3 (S.D.N.Y. Mar. 7, 1991) (citing *JTG of Nashville, Inc. v. Rhythm Band, Inc., 693 F.* 623, 626-28 (M.D. Tenn. 1988), and cases cited therein; 7 C. Wright, A. Miller and M. Kane, Federal Practice and Procedure: Civil 2d, § 1614 at 205-06 (1986)).

The reasons why a trademark owner is an indispensable party for Rule 19 purposes were explained by the 5th Circuit:

> The licensor of a trademark is usually treated as a necessary or indispensable party in an infringement action by its licensee. *Pure Food Prods., Inc. v. American Bakeries Co., ND Illinois 1972*, 176 U.S.P.Q. (BNA) 233. Sound reasons support this rule.
>
> * * * *
>
> The licensor of a trademark that is the subject of an infringement action by a licensee falls squarely within the language and policy of [Rule 19]. As owner of the mark, the licensor has a legally protected interest in the subject matter of the action. [Citations omitted.]  A judgment for the alleged infringer, whether based on a finding that the licensed mark is not a valid trademark or that the defendant's mark does not infringe it, may prejudice the

9

licensor's rights in his own mark. A judgment for the plaintiff-licensee could result in double obligations for the defendant, should the licensor subsequently sue on his own.

*Ass'n of Co-operative. Mbrs v. Farmland Indus.*, 684 F.2d 1134, 1143 (5th Cir. 1982).

Plaintiff Sream is *not* the owner of the RooR mark. *See* Compl. ¶¶ 13, 33. The exclusive owner of the mark is Mr. Martin Birzle. *Id.* Sream is the *licensee* of the RooR mark, and Birzle is the licensor. Compl. ¶ 12. As the licensor of the mark, Birzle has a legally protected interest in the RooR mark, and a judgment may prejudice Birzle's rights in the RooR mark. Furthermore, a judgment for Sream could result in double obligations for the Defendant if Birzle subsequently sues on his own. Birzle is an indispensable party.

**3. THE MOTION FOR DEFAULT SHOULD BE DENIED, AND THE CLERK'S ENTRY OF DEFAULT SET ASIDE, BECAUSE (1) THE DEFAULT WAS DUE TO LAW OFFICE NEGLECT, NOT WILFULNESS, (2) THE DEFENDANT HAS MERITORIOUS DEFENSES, AND (3) VACATING THE DEFAULT WILL NOT RESULT IN PREJUDICE TO THE PLAINTIFF.**

### 3.1. Standard.

"While courts are entitled to enforce compliance with the time limits of the Rules by various means, the extreme sanction of a default judgment must remain a weapon of last, rather than first, resort." *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981).

The Second Circuit has "a strong preference for resolving disputes on the merits," *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005), and there exists a "longstanding preference in the Federal Courts that litigation disputes be resolved on the merits." *Richardson v. Nassau County*, 184 F.R.D. 497, 501 (E.D.N.Y. 1999) (citing *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993)). "Any doubts as to whether a default judgment should be vacated will be "resolved in favor of trial on the merits" and "default judgments are generally disfavored and are reserved for rare occasions." *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada,* 374 F.3d 158, 168 (2d Cir. 2004) (quotation marks and citation omitted).

> A Clerk's entry of default may be set aside "for good cause." Fed. R. Civ. P. 55(c). The standard for setting aside the Clerk's entry of default is less rigorous than the "excusable neglect" standard for setting aside a default judgment pursuant to Rule 60(b). *See Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981). Under the *Meehan* test, the principal factors to be considered in deciding to relieve a party of a default are: (1) willfulness; (2) prejudice to the adverse party; and (3) the existence of a meritorious defense. *Id.* at 277…

*Warren v. Easter Seals*, No. 15-CV-6653-FPG, 2016 U.S. Dist. LEXIS 109172, at *1-2 (W.D.N.Y. Aug. 17, 2016); *Luo v. Baldwin Union Free Sch. Dist.*, No. 16-421-cv, 2017 U.S. App. LEXIS 1470, at *3 (2d Cir. Jan. 27, 2017).

### 3.2. Defendant did not willfully default.

Defendant's default was due to law office failure, not willfulness. Defendant's counsel dropped the ball by misfiling the papers in an unrelated matter, archiving the file, and failing to create a new matter in Counsel's computer system. Plaintiff's counsel does not ask that the Court condone the mistake. But although careless, negligent and frankly embarrassing, law office failure does not amount to willfulness. *Am. All. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996) (default cause by a filing mistake on the part of the defendant's counsel is not "willful"); *Cruz v. TD Bank, N.A.*, No. 10-cv-8026 (PKC), 2015 U.S. Dist. LEXIS 13789, at *7 (S.D.N.Y. Feb. 3, 2015) (default that was the result of "law office failure" was not willful); *Hunt v. City of Auburn*, No. 5:13-cv-1039 (GLS/TWD), 2014 U.S. Dist. LEXIS 162083, at *5 (N.D.N.Y. Nov. 19, 2014) (default that was due to law office failure was not willful conduct, and was therefore set aside);*Elexco Land Servs. v. Hennig*, No. 11CV214, 2011 U.S. Dist. LEXIS 44207, at *3-4, *5 (W.D.N.Y. Apr. 25, 2011) (failure of defense counsel to diary Answer due date was careless and apparently not willful, granting motion to set aside default against defendant).

It is well settled in this Circuit that law office failure, "unaccompanied by any showing of bad faith or strategic purposefulness, does not amount to willfulness." *Hines v. Veterans Outreach Ctr.*, No. 10CV6493, 2010 U.S. Dist. LEXIS 130836, at *2 (W.D.N.Y. Dec. 10, 2010). The

11

Second Circuit has stated, "We see no reason to expand this Court's willfulness standard to include careless or negligent errors in the default judgment context." *Am. All. Ins. Co.*, 92 F.3d at 61.

### 3.3. The Defendant has Meritorious Defenses.

The Defendant has asserted affirmative defenses, including that the Plaintiff does not have a legally protectable interest in a mark that is used to sell its "bongs" and "water pipes", because they constitute "drug paraphernalia" under federal law.

"Trademark rights, either at common law or under the Lanham Act, are acquired and maintained only by lawful use." *Geraghty Dyno-Tuned Prods., Inc. v. Clayton Mfg. Co.*, 190 U.S.P.Q. (BNA) 508, 512 (T.M.T.A.B. 1976) (quoting *Cameo, Inc. v. Plough, Inc.*, 185 U.S.P.Q. (BNA) 228, 230 (N.D. Ohio 1975)). Where the sale of a particular product is unlawful, the trademark holder is precluded from enforcing alleged trademark rights in such product. *See Universal Mfg. Co. v. Douglas Press, Inc.*, No. 89 C 3354, 1992 U.S. Dist. LEXIS 7231, at *6 (N.D. Ill. May 14, 1992) (finding that if sale of game cards was illegal under state and/or federal law, trademark holder would be precluded from enforcing alleged trademark rights).

The sale of drug paraphernalia is prohibited by 21 U.S.C. § 863. Drug paraphernalia "includes items primarily intended or designed for use in ingesting, inhaling, or otherwise introducing marijuana []into the human body, such as [] water pipes [and] bongs." 21 U.S.C. § 863(d). The Supreme Court has stated that "[t]he objective characteristics of some items establish that they are designed specifically for use with controlled substances. Such items, including bongs, [] and certain kinds of pipes, have no other use besides contrived ones (such as use of a bong as a flower vase)." *Posters 'N' Things v. United States*, 511 U.S. 513, 518, 114 S. Ct. 1747, 1750 (1994).

Martin Birzle specifically represented to the US Patent and Trademark Office that he was using the RooR mark for the purpose of selling "water pipes" and "bongs."[21] RooR etches the image of a marijuana leaf into some glass bongs. *See* https://www.everyonedoesit.com/products/bong-custom-icemaster-5mm-white-lines (last visited 4/6/2017). RooR's authorized dealers include "Hempies" smoke shop. *See* http://us.roor.com/store-locator/ (last visited 4/6/2017). RooR participates in the Cannabis Cup, "the world's leading marijuana trade show, celebrating the world of ganja through competitions, instructional seminars, expositions, celebrity appearances, concerts and product showcases." *See* https://www.cannabiscup.com/ (last visited 4/3/2017). RooR was a vendor at the 2015 High Times U.S. Cannabis Cup in Denver, Colorado. *See* http://hightimes.com/culture/ countdown-is-on-for-the-2015-high-times-u-s-cannabis-cup-in-denver/ (last visited 4/3/20117). RooR has entered and won the "best glass" competition at the 2005, 2008, 2009, 2010, 2011, 2012, 2013, and 2014 Amsterdam Cannabis Cup. *See* https://www.cannabiscup.com/past-winners/#amsterdam- (last visited 4/3/2017).

Because the sale of RooR water pipes and bongs is prohibited by federal law, the RooR trademark is unenforceable.

In the proposed answer, Defendant has also denied many of the allegations made in the complaint. Denials of allegations are also sufficient to establish a meritorious defense. *See Anilina Fabrique de Colorants v. Aakash Chems. & Dyestuffs, Inc.,* 856 F.2d 873, 879 (7th Cir. 1988) (finding that a defendant who disputed whether it owed money for certain shipments of goods had raised a meritorious defense). "A defense is meritorious if it is good at law so as to give the factfinder some determination to make." *Bieganek v. Taylor*, 801 F.2d 879, 882 (7th Cir. 1986). Here, the case is premised on the allegation that the RooR pipes sold by the Defendant

---

[21] Moser Decl. ¶ 15 and Exhibit 4 to Moser Decl.

were counterfeit, and that Defendant intentionally infringed upon the RooR trademark. Plaintiff should be required to prove these allegations.

**3.4. There will be no prejudice to Plaintiff by vacating the default.**

It is expected that Plaintiff will focus on the fact that the case was delayed by almost a year. However, the delays in this case were not all occasioned by the Defendant. Plaintiff took almost a year to move for a default judgment. Plaintiff was first instructed to move for a default on or before July 5, 2016. Plaintiff itself asked for a 30 day extension. The clerk noted Saakshi's default on September 2, 2016. The Plaintiff waited an additional 6 months before filing its motion for a default on February 22, 2017. ECF No. 13.

Delay standing alone does not establish prejudice. *Davis v. Musler,* 713 F.2d 907, 908 (2d Cir. 1983) (when vacating a default judgment, "delay alone is not a sufficient basis for establishing prejudice"). Furthermore, the fact that the plaintiff waited almost a year to move for a default "strongly suggests that some further delay will not unduly prejudice it." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir. 1993)(finding that plaintiff's delay in seeking default for over a year "strongly suggests that some further delay will not unduly prejudice it.").

## CONCLUSION

For the foregoing reasons, Defendant Saakshi Enterprises, Inc. requests that the Plaintiff's motion for entry of a default judgment be denied, that the clerk's certificate of default be vacated, and that the Court deem the proposed answer dated (ECF No. 19) as the answer to the complaint.

Dated: April 6, 2017
      Glen Cove, New York

                                  Respectfully submitted,
                                  MOSER EMPLOYMENT LAW FIRM, P.C.

                                  _____
                                  By: Steven J. Moser (SM 1133)