UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SREAM, INC., <br><br> Plaintiff, <br><br> -against- <br><br> SAAKSHI ENTERPRISE, INC. a/k/a PRONTO LOTTO, et al. <br><br> Defendants. | 16-cv-1408 (NG)(RML) <br><br> DECLARATION OF STEVEN JOHN MOSER |

Steven John Moser hereby declares the following to be true and correct:

1. I am the attorney for Saakshi Enterprise, Inc.

2. Saakshi Enterprise is a small store in Queens selling lottery tickets, beverages, groceries and cigarettes.

3. I previously represented Saakshi in other unrelated matters.

4. I was first consulted by Saakshi regarding this case in April 2016. At that time, I had just closed a virtually identical lawsuit brought by Sream against another Defendant in the Southern District of New York titled *Sream v. 14th St Lotto & Magazine, Inc.*, 15-cv-09332.

5. Sream is a company which has been filing hundreds of suits nationwide purporting to enforce the RooR mark.[1]

6. Due to the long-standing relationship with the Client, I did not charge or accept any retainer from the client.

---

[1] *See* Exhibit 1 (Pacer search results).

7. After the consultation a new physical file and "matter" in our computer system should have been created. Instead, the papers in the *Sream v. Saakshi* matter were physically misfiled in *Sream v. 14th Street Lotto*, and the *Sream v. 14th Street Lotto* file was sent to storage.

8. In late February 2017 I was approached by Saakshi, and was told that they had received a "summons and complaint" by mail.

9. The paper documents which were subsequently received were actually Plaintiffs motion for a default.

10. After the client stated that we had assured them in 2016 that we would handle the case, we searched the archived files. At that time we discovered the confusion and misfiling with regard to *Sream v. 14th Street Lotto* and *Sream v. Saakshi*.

11. I apologize to the Court, to my client, and to Mr. Greener. However, the mistake was not in any way attributable to my client. The mistake was inadvertent, careless, and embarrassing, but not intentional.

12. After receiving the default motion, I diligently attempted to resolve this case directly with Plaintiff's counsel. Unfortunately, Mr. Greener would not speak with me about the case.

13. Attached hereto as Exhibit 2 is the Affidavit of Service of the complaint upon Saakshi Enterprise.

14. Attached hereto as Exhibit 3 is the Certificate of Service of the request to note the default of the defendants. The certificate of service indicates that "this document was *emailed* to the Defendants set forth below, and paper copies were sent to the address indicated therein."

15. Annexed hereto as Exhibit 4 is a printout from the United State Patent and Trademark Office's Trademark Electronic Search System (TESS), indicating that the RooR mark is used to sell "bongs" and "water pipes."

16. The TESS search also indicates that the owner of the RooR mark is Martin Birzle, a resident of Germany.

17. The TESS search indicates that Sream is not the owner of the RooR mark.

I declare under the penalty of perjury that the foregoing is true and correct.

Dated: April 6, 2017

_____
Steven John Moser