**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 1 5 2017 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-x

SREAM INC.,

     **Plaintiff,**

 - against -

SAAKSHI ENTERPRISES INC., *et al.,*

     **Defendants.**

\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-x

**GERSHON, United States District Judge:**

**OPINION & ORDER**

No. 16-cv-1408 (NG) (RML)

Plaintiff Sream Inc. ("Sream") brings this action against Saakshi Enterprises Inc. ("Saakshi"), Fine Gourmet Deli Corp. ("Fine Gourmet"), and F&B Organic Deli Inc. ("F&B") (collectively, "defendants") asserting violations of the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, and various New York State law claims. Plaintiff filed its complaint on March 22, 2016 and, after no responsive pleading from defendants, the Clerk of Court entered a certificate of default on September 2, 2016. Plaintiff then moved for a default judgment on February 22, 2017. Defendant Saakshi has now appeared in the action and opposes default judgment. The other defendants— Fine Gourmet and F&B—still have not appeared. For the reasons set forth below, I vacate the entry of default as to Saakshi, but enter default judgment as to Fine Gourmet and F&B.

## I. Background

Plaintiff's complaint alleges that Mr. Martin Birzle—doing business as RooR USA ("RooR")—is an award-winning designer and manufacturer of "smoker's products," and that his products are widely recognized and highly acclaimed for their ornate and innovative design. Compl. at ¶ 10. RooR has, according to plaintiff, distinguished itself as the premiere manufacturer of glass water pipes because of its "unwavering use of quality materials and focus on scientific principles to facilitate a superior smoking experience." *Id.* at ¶ 11. To identify its products, RooR

1

claims that it has rights to five trademarks (the "Marks"). Since at least 2011, Sream has been the exclusive licensee of the Marks, which gives it the right to manufacture water pipes using the Marks. Plaintiff further alleges that "[i]n order to protect the Marks, Sream has been granted all enforcement rights to sue to obtain injunctive and monetary relief for past and future infringement of the RooR Marks." *Id.* at ¶ 16. Plaintiff claims that defendants have sold counterfeit RooR products using the Marks. On multiple occasions in 2015, plaintiff's investigator purchased counterfeit products from defendants. See Compl. Exs. A, B, C.

Plaintiff's complaint identifies the following claims: (1) trademark infringement pursuant to 15 U.S.C. § 1114; (2) trademark counterfeiting pursuant to 15 U.S.C. § 1116; (3) false designation of origin/unfair competition pursuant to 15 U.S.C. § 1115(a); (4) New York trademark dilution pursuant to New York General Business Law § 360(1); (5) unlawful and deceptive acts and practices pursuant to New York General Business Law § 349; and (6) unfair competition under New York State law. Saakshi opposes the entry of default judgment on the following grounds: (1) the default was because of law office neglect rather than willfulness; (2) it has meritorious defenses; and (3) vacating the default will not result in prejudice to the plaintiff.

## II. Discussion

"[The Second Circuit] ha[s] made known [its] preference for resolving disputes on the merits." *Palmieri v. Town of Babylon*, 277 Fed. Appx. 72, 74 (2d Cir. 2008) (internal quotation omitted). A party challenging the entry of a default must satisfy the "good cause" standard in Federal Rule of Civil Procedure 55(c). This standard requires a court to weigh: (1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party. *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 171 (2d Cir. 2001). A court "may also consider relevant equitable factors, including whether the failure to follow a rule of procedure was

a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." *Robinson v. Sanctuary Music*, 383 Fed. Appx. 54, 58 (2d Cir. 2010). On a Rule 55(c) motion, the court must resolve all doubts in favor of the party seeking to vacate the certificate of default. *See Prestige Capital Corp. v. Fuber LLC*, 2017 WL 2558803, at *2 (S.D.N.Y. June 5, 2017).

Importantly, the standard for vacating an entry of default pursuant to Rule 55(c), which requires a party to show "good cause," is "less rigorous" than vacating a default judgment pursuant to Rule 60(b)." *Meehan v. Snow*, 652 F.2d 274, 276-77 (2d Cir. 1981); *see White Plains Housing Auth. v. Getty Props. Corp.*, 2017 WL 1498041, at *2 (S.D.N.Y. Apr. 25, 2017); *Ramsaran v. Abraham*, 2017 WL 1194482, at *10 (S.D.N.Y. Mar. 30, 2017) ("[T]he Court concludes that all the factors support vacating the Certificate of Default, especially considering the more forgiving standard due in the absence of a final entry of default judgment."). Therefore, plaintiff's argument that Rule 60(b)(1) sets a high bar for a defendant to set aside a default judgment is misplaced. There has been no default judgment in this case, but only an entry of default by the Clerk of Court.

### A.      Willfulness

The Second Circuit has interpreted willfulness in the context of a default to refer to conduct that is "more than merely negligent or careless." *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998); *see Am. Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996) (willfulness not shown where defendant's failure to answer was "due to a filing mistake by its in-house counsel's clerk" that "went unnoticed for two months" and was "grossly negligent"); *Sea Hope Navigation v. Novel Commodities SA*, 978 F. Supp. 2d 333, 337 (S.D.N.Y. 2013). Rather, the defaulting party must have engaged in deliberate or egregious conduct. *New York v. Green*, 420 F.3d 99, 108 (2d Cir. 2005).

3

Saakshi's default was not willful. It may have been a mistake that was negligent or careless, but it was not willful as required to support the entry of a default judgment. According to defense counsel, he was first consulted on this matter in April of 2016. At that time, defense counsel had just closed a similar lawsuit brought by Sream against another defendant in the Southern District of New York ("SDNY").[1] After this initial consultation, defense counsel informed Saakshi that he would handle the case and that no further action by Saakshi was needed. Defense counsel states that he intended to open a "new matter" in the firm's computer system for this case, but, instead of creating a new file, the papers related to this case were mistakenly filed in the recently closed SDNY matter. This error caused Saakshi to miss the deadline to answer in April of 2016. Then, in February of 2017, Saakshi received plaintiff's motion for a default, at which point defense counsel discovered the error.[2] Nothing in the record indicates that this was anything other than a mistake on the part of defense counsel, as opposed to a willful decision undertaken for strategic purposes. Therefore, this factor weights in favor of vacating the default. *See Am. Alliance*, 92 F.3d at 61 (concluding that a filing mistake by an "in-house counsel's clerk" was not willful).

---

[1]     In his declaration, defense counsel states that plaintiff files hundreds of similar suits across the country. Moser Decl. at ¶ 5.

[2]     As to service of the request for the Clerk of Court to enter a certificate of default, plaintiff states that it mailed (both via email and physical mail) this request to the three defendants. Saakshi claims that it did not receive these documents. Even if it did receive these documents, defense counsel's affidavit states that he told Saakshi, at the time of the initial consultation when the complaint was filed, that he would handle the suit and it would not have to take any additional action. Given counsel's advice, even if Saakshi did receive the documents, its inaction was at most negligent, not willful.

## B. Meritorious Defenses

"In order to make a sufficient showing of a meritorious defense in connection with a motion to set aside a default, the defendant need not establish his defense conclusively, but he must present credible evidence of facts that would constitute a complete defense." *State Farm Mut. Auto. Ins. Co. v. Cohan*, 409 Fed. Appx. 453, 456 (2d Cir. 2011).

Saakshi argues that it has meritorious defenses, including: (1) plaintiff lacks standing; (2) plaintiff has failed to join an indispensable party (the owner of the Marks); and (3) trademarks can be used only to sell lawful products, but plaintiff is using the Marks to sell drug paraphernalia.

The issue of statutory standing in a Lanham Act suit varies based on the statutory provision a plaintiff invokes. Therefore, it is important to note the exact provisions plaintiff relies upon in bringing suit. As to its federal claims, plaintiff alleges violations of 15 U.S.C. §§ 1114, 1116, and 1115(a).[3] However, in its memorandum of law in support of entering a default judgment, plaintiff states that it is suing under 15 U.S.C. §§ 1125(a), 1116, and 1125(d). Plaintiff's Memorandum of Law in Support of a Default Judgment ("Pl. Mem.") at 1. Not only is this discrepancy problematic from a notice perspective insofar as it confuses defendants as to what they are alleged to have done, it also changes the legal conclusions as to standing. Since the complaint is the operative document in evaluating a motion for a default judgment (not a party's memorandums of law), I will evaluate whether defendants have potentially meritorious defenses as to the claims contained in the complaint.

---

[3]    The third claim in plaintiff's complaint states that it is for "false designation of origin/unfair competition" pursuant to "15 U.S.C. § 1115(a)." However, a false designation of origin claim is pursuant to 15 U.S.C. § 1125(a). To the extent plaintiff intended to bring a claim pursuant to 15 U.S.C. § 1125(a), its complaint failed to do so.

Pursuant to 15 U.S.C. § 1114, any person who infringes on a trademark "shall be liable in a civil action <u>by the registrant</u> . . . This cause of action is available . . . only to registrants of the trademarks at issue, a term the [Lanham] Act defines as embracing the actual registrant's legal representatives, predecessors, successors and assigns." *Fed. Treasury Enterp. Sojuzplodoimport v. SPI Spirits Ltd.*, 726 F.3d 62, 72 (2d Cir. 2013). "By contrast, Section 43 of the Act [15 U.S.C. § 1125(a)(1)] allows suit 'by any person who believes that he or she is or is likely to be damaged' by the defendant's actions." *Id.* (quoting 15 U.S.C. § 1125(a)(1)). The term legal representative has been limited to a plaintiff that demonstrates "both its legal authority to represent the owner and that the trademark holder is legally incapable of representing itself." *Id.* In order for a licensee to have standing, a plaintiff "must show that its license amounts, in fact, to an assignment to establish entitlement to sue under [15 U.S.C. § 1114(1)]." *Id.* at 78. "Courts in this Circuit look to the terms of the license agreement to determine whether the licensee held a property interest in the mark, becoming effectively an assignee for standing purposes." *L'Oreal USA, Inc. v. Trend Beauty Corp.*, 2013 WL 4400532, at *9 (S.D.N.Y. Aug. 15, 2013).

Here, Sream, without attaching the license agreement, alleges that it is the registrant's exclusive licensee and that it has been "granted all enforcement rights to sue to obtain injunctive and monetary relief for past and future infringement of the RooR Marks." Compl. at ¶ 16. Saakshi contests whether Sream's license is so broad-sweeping that it effectively amounts to an assignment, as is necessary for Sream to have statutory standing to enforce the Marks. If Saakshi's position is correct, then it would constitute a complete defense.

In responding to Saakshi's opposition brief, plaintiff does not address the standing issue at all. Instead, it contends that Saakshi's argument on this point "should be stricken as an improper attempt to seek dismissal of the plaintiff's complaint." Plaintiff's Reply Memorandum of Law

("Pl. Reply") at 9. Contrary to plaintiff's suggestion that Saakshi is going "through the back door" in an attempt to dismiss the complaint, Saakshi is addressing one of the factors critical to evaluating a motion to vacate a default—whether the defendant has a meritorious defense.

As to the other sections under which plaintiff brings suit—15 U.S.C. §§ 1115(a), 1116— neither of these provide independent claims that affect the standing analysis. Rather, Section 1115(a) states only that a trademark registration provides *prima facie* evidence that a trademark is valid. Section 1116 empowers a court to enter an injunction to prevent further infringement against a trademark. *See Designer Greetings, Inc. v. Shah*, 2017 WL 991085, at *1 n.1 (E.D.N.Y. Jan. 31, 2017).

In sum, Saakshi has proffered a basis that, if true, would constitute a complete defense. Specifically, if Saakshi is correct that plaintiff's license does not amount to an assignment, then plaintiff would not have standing to bring this action. This potentially meritorious defense weighs in favor of vacating the default. *See, e.g., Aetna Life Ins. Co. v. Licht*, 2004 WL 2389824, at * 4-5 (S.D.N.Y. Oct. 25, 2004).[4]

## C.    Prejudice to Non-Defaulting Party

Delay alone does not establish prejudice. Rather, a plaintiff must demonstrate that delay will result in the loss of evidence, increase discovery difficulties, or provide greater opportunity for fraud and collusion. *See Robinson v. Sanctuary Music*, 383 Fed. Appx. 54, 59 (2d Cir. 2010); *Cordero v. AT&T*, 2017 WL 52591, at *5 (E.D.N.Y. Jan. 4, 2017).

Plaintiff identifies no prejudice other than "[t]he long delay [that] has prejudiced the Plaintiff as it is prepared to enter a default judgment in the case." Pl. Reply at 5. Prejudice to

---

[4]    Because I conclude that defendants have a potentially meritorious defense based on lack of standing, I do not address Saakshi's arguments regarding plaintiff's failure to join an indispensable party and that trademarks cannot be used to protect allegedly unlawful products.

plaintiff is further undermined by the fact that the Clerk of Court entered the default on September 2, 2016, but plaintiff did not make its motion for default judgment until February 22, 2017—nearly six months later. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir. 1993) ("The fact that plaintiff waited over a year before seeking such relief strongly suggests that some further delay will not unduly prejudice it."); *Mieczkowski v. Astrue*, 2008 WL 899344, at *7 (E.D.N.Y. Mar. 31, 2008) (relying on plaintiff's delay in bringing motion for default in concluding there was no prejudice to plaintiff from vacating the default). I do not see any other potential grounds for prejudice and plaintiff does not argue any. Accordingly, this factor also weighs in favor of vacatur.

## III.    Conclusion

Saakshi's default was not willful, there is a potentially meritorious defense, and, other than delay, plaintiff will not be prejudiced by vacatur. Therefore, the motion for a default judgment as to Saakshi is denied, and the Clerk of Court is directed to vacate the default against Saakshi. As to Saakshi, the case is to proceed as follows: Plaintiff is directed to file any amended complaint by July 5, 2017, and Saakshi is directed to answer or move against the amended complaint in accordance with the Rules.

Because plaintiff's complaint is well-pleaded as to Fine Gourmet and F&B and those parties have failed to appear, the motion for a default judgment as to them is granted. The issue of damages and other relief to be awarded is referred to United States Magistrate Judge Robert M. Levy for a report and recommendation.

**SO ORDERED**.

/s/ *Nina Gershon*
NINA GERSHON
United States District Judge

Dated: June 14, 2017
Brooklyn, New York

8